thereon could be sustained; that, upon receipt of defendant's last letter, plaintiff had simply this alternative: the prompt restoration of the money or the extinguishment of the debt by its retention; and, having retained the money, his claim was satisfied. See, also, Lestienne v. Ernst, 5 App. Div. 373, 39 N. Y. Supp. 399; Brown v. Symes, 83 Hun, 159, 31 N. Y. Supp. 629.

For these reasons the judgment of the justice in favor of the plaintiffs for the balance claimed by them is erroneous, and must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

(19 Misc. Rep. 194.)

### MURPHY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

1. CARRIERS—INJURY TO PASSENGER LEAVING CAR.
   Negligence and contributory negligence are questions of fact where plaintiff, an infant, while in the custody of his father, was attempting to alight from a street car which had stopped near a street crossing to discharge passengers, and was thrown from the car by the sudden starting thereof.

2. TRIAL BY THE COURT—INCOMPETENT EVIDENCE NOT OBJECTED TO.
   The admission of testimony proving an improper item of damage on a trial by the court is not shown to be prejudicial where there was no objection to the testimony, and the judgment was not excessive, since it does not appear but that the trial judge disregarded the incompetent testimony in assessing damages.

Appeal from Ninth district court.

Action by William Murphy, an infant, by his guardian ad litem, against the Metropolitan Street-Railway Company to recover for personal injuries. From a judgment entered on a decision of the trial justice in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Brownson Ker, for appellant.

Eugene Sondheim, for respondent.

BISCHOFF, J. The injury in suit was sustained through the plaintiff's fall from one of the defendant's cars at or about the intersection of 109th street with Columbus avenue. On behalf of the plaintiff it was shown that while a passenger upon this car, in the custody of his father, his present guardian ad litem, he was thrown to the street by the sudden start of the car at a time when he had essayed to alight under such parent's direction. According to the testimony of Mr. Murphy, the father, corroborated by one Cohen, the car had come to a stop at about 109th street, one block from the terminus of the road, and the majority of the passengers had alighted. The car still being stationary, he, with his child, stepped upon the platform, intending to get off, but was thrown off, together with the child, by the sudden start of the car, combined with its turning upon a switch at the time of the start. Negligence and the absence of contributory negligence sufficiently appeared from this evidence to support the recovery, since the plaintiff's attempt to alight was justified by the continued immobility of the car; and the condition became one of danger

only because of the act of the defendant's servants, who were required to give passengers a reasonable time in which to alight before causing a start. Poulin v. Railroad Co., 61 N. Y. 621. The defendant's witnesses give a different account of the accident, testifying that the car was in motion when the plaintiff and his father arose from their seats, and that the turning of the car upon the switch, when reached, caused them to fall, they having disregarded the conductor's call to them to "hold fast." We find nothing in the case which lends greater probability to this story than to the plaintiff's account of the accident, and it is not, therefore, within our province to disturb the judgment, founded upon conflicting evidence, which the justice below had peculiar facilities for justly rendering, the witnesses being actually before him. The appellant points to the evidence given to show that the switch was from 40 to 50 feet distant from the corner of 109th street, and claims from this that the car, which had stopped "at the corner," or "at 109th street," must necessarily have been in motion before the plaintiff fell. There is, however, no evidence showing the exact position of the car, at the time of its stop, to have been other than as testified to for the plaintiff, with relation to this switch. From that evidence the car appears to have been halted with its forward end just by the switch, and there is not sufficient particularity to the defendant's evidence to materially controvert this. The switch being but 40 feet from the corner, the car might well have stopped "at 109th street," or "at the corner," and its forward part still have been practically as claimed by the plaintiff. The justice, therefore, was well authorized to believe the plaintiff's story, which had to do directly with the relation of the car to the switch, rather than the defendant's, which was based upon evidence which might be taken as intending only that the car was nearer to one street than to another.

The appellant claims that the damages awarded were not supported by the proof, and points to the evidence given to establish the expenditure for medical services, it being urged that the justice erroneously allowed this item of recovery. It is true that these medical expenses were not recoverable in an action brought by the child, without proof that they were incurred upon the credit of his separate estate. So far as appears in this case, the child's father defrayed these expenses personally, which, as between himself and the child, it was his duty to do, and a recovery of the amount by the child would, of course, be improper. The appellant, however, permitted the introduction of all this proof without objection, and at no time called the attention of the justice to the point. Therefore we cannot tell whether or not the justice considered the proof material, and allowed the item as within the recovery, and error is not to be presumed. The amount of the judgment, $76, was not excessive, in view of the evidence, since, while the injury did not result in maiming the plaintiff, certain testimony shows it to be permanent, such as it is, and, besides, there is a reasonable inference that the child underwent suffering to some extent.

Judgment affirmed, with costs. All concur.